## Case No. 15,833.

### UNITED STATES v. MULVANEY.

[4 Parker, Cr. Cas. 164.]

Circuit Court, S. D. New York. Jan., 1859.

OFFENCES AGAINST POSTAL LAWS—OPENING LETTERS, ETC.—EVIDENCE—CONFESSIONS.

[1. Defendant was indicted for opening a letter, which had been in custody of a mail carrier, before delivery to the person to whom it was directed, with design to obstruct the correspondence of another, etc. The evidence was that the letter was directed to another person, in care of defendant, at defendant's house; that it was left there by a mail carrier, with defendant, without any artifice on his part to obtain possession of it; and that it was then opened and destroyed by him. Held, that this was insufficient to warrant a conviction under the statute.]

[2. A person cannot be convicted of this offence where the only evidence of the corpus delicti is the confessions of defendant that he opened and destroyed the letter.]

[This was an indictment against John Mulvaney for opening a letter addressed to another, which had been in custody of a mail carrier, etc.]

Before HALL, District Judge.

The defendant was brought to trial upon an indictment which was in the words and figures following:

"Southern District of New York, in the Second Circuit. At a stated term of the circuit court of the United States of America, for the Southern district of New York, in the Second circuit, begun and held at the city of New York, within and for the district and circuit aforesaid, on the last Monday of February, in the year of our Lord one thousand eight hundred and fifty-nine, and continued by adjournment to and including the third day of March in the same year.

"Southern District of New York, ss: The jurors of the United States of America, within and for the district and circuit aforesaid, on their oath present: That John Mulvaney, late of the city and county of New York, in the district and circuit aforesaid, laborer, heretofore, to wit: on the seventeenth day of January, in the year of our Lord, one thousand eight hundred and fifty-nine, at the city of New York, in the Southern district aforesaid, and within the jurisdiction of this court, did open a letter which had been in custody of a mail carrier, before it had been delivered to the person to whom it was directed, with a design to obstruct the correspondence, to pry into another's business and secrets, against the peace of the United States and their dignity, and against the form of the statute of the said United States, in such case made and provided.

"Second Count. And the jurors aforesaid, on their oath aforesaid, do further present: That John Mulvaney, late of the city and county of New York, in the district and circuit aforesaid, laborer. heretofore, to wit: on the seventeenth day of January, in the year eighteen hundred and fifty-nine, at New York, in the district and circuit aforesaid, and with-

in the jurisdiction of this court, did destroy a certain letter, which had been in custody of a mail carrier, before it had been delivered to the person to whom it was directed, with a design to obstruct the correspondence, to pry into another's business and secrets, against the peace of the United States and their dignity, and against the form of the statute of the said United States, in such case made and provided.

"Theodore Sedgwick,
                    U. S. District Attorney."

The defendant pleaded not guilty. The government proved, that on or about the seventeenth day of January, 1859, a city mail carrier left with defendant at his place of business (82 Catharine street), a letter directed to "John Stewart, Care of John Mulvaney, 82 Catharine Street, New York City"; that defendant at first objected to receiving it, but took it, and said he would see that it was delivered to the person to whom it was directed. Stewart testified that the letter was never delivered to him. Several witnesses testified that defendant, upon being asked whether he had received the letter, at first denied it, but afterwards admitted that he had received the letter, opened and read it, and then burnt it.

Henry L. Clinton, for defendant, contended that, inasmuch as the letter was delivered by the mail carrier, at the place to which it was directed, defendant having resorted to no fraud or artifice to get possession of it, the letter had passed out of the jurisdiction of the United States. Mr. C. also contended that there must be proof of the corpus delicti aside from the confessions of defendant; and as there was no testimony showing either the opening or destruction of the letter, except defendant's admissions, on this ground the jury should acquit. On this point. counsel cited People v. Hennessey, 15 Wend. 147.

After hearing Mr. Dwight. Asst. U. S. Dist. Atty., THE COURT sustained both points taken by the defendant's counsel, and directed an acquittal.

Verdict, "Not guilty."